Eastern Dis.
*August*, 1832.

ALEXANDER *vs.* BOGHEL.

ALEXANDER
*vs.*
BOGHEL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.

By the Old Civil Code, a proprietor of two estates, who sells one of them, remaining silent as to the service which exists in favor of the vendee, cannot resist the exercise of the right on the part of the vendee.

The facts are stated in the opinion of the court, delivered by PORTER, J.

A right of service is contested in this case; both parties claim title under a common vendor. While owner and possessor of both lots, a house stood on that sold to the defendant in such a situation, that the roof projected over the lot then vacant and now in possession of the plaintiff, and caused the rain water to drip or fall on it. The defendant was the first purchaser. At the time the plaintiff bought, the house stood in the position it now does.

The defendant sets up a right to the service, and pleads prescription. The cause was decided in his favor on the latter ground, in the court of the first instance. The plaintiff appealed.

It is contended on the part of the plaintiff, that the fact of the house standing in the situation it does is no evidence of servitude. The common vendor being owner of both lots at the same time, could not owe a servitude to himself.

It is true, no man can owe a servitude to himself. The legal maxim is *nemini res sua servit jure servitutis.* But according to an express provision of the code of Louisiana in force at the time the defendant purchased, "if the proprietor of two estates, between which there exists an apparent sign of service, sell one of said estates, and if the deed of sale be silent respecting the service, the same shall continue to exist actively or passively, in favor of, or upon the estate, which has been sold." *C. Code,* 140, 57.

When the proprietor of the two lots sold to the defendant, and remained silent, that which he retained was burthened with the service. He could not have resisted the exercise of the right; and it is almost unnecessary to say, that he could not transfer to another that which he had not himself.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.